## APPEAL OF REX MACHINERY & SUPPLY CO.

Docket No. 1791.   Submitted July 24, 1925.   Decided November 28, 1925.

1. In 1919 the taxpayer agreed to pay the income tax that might be assessed against its president personally upon the receipt by him in 1919 of shares of stock of the taxpayer issued as compensation for services, and it paid the amount thereof in 1920. *Held,* not deductible in 1919.

2. Taxpayer *held* entitled to special assessment.

Tom F. Carey, C. P. A., for the taxpayer.
J. Arthur Adams, Esq., for the Commissioner.

Before STERNHAGEN, LANSDON, and LOVE.

The Commissioner determined a deficiency of $6,902.664 in income and profits taxes for 1919, from which determination this appeal is brought. The petition specifies three alleged errors: (1) Disallowance as a deduction of $1,008.10, alleged by the taxpayer to have been paid under an agreement to its president, this sum representing the amount of income tax assessed against the president individually on shares of stock of the taxpayer issued to him for services; (2) refusal to treat the taxpayer as a personal service corporation; and (3) failure to allow special assessment under sections 327 and 328 of the Revenue Act of 1918. Upon motion of the taxpayer at the hearing, the second allegation of error was stricken from the petition.

### FINDINGS OF FACT.

The taxpayer is a Delaware corporation, with its principal office in Tulsa, Okla. It was formed and commenced business on or about July 18, 1919. At the time of organization $6,500 was paid in for stock. Between August 6 and December 31, 1919, additional capital of $16,200 was paid in.

The taxpayer made an agreement with its president and treasurer, C. W. Lord, under which it issued to him, in 1919, $10,000 par value of its shares of capital stock as compensation for services, and it also agreed to pay any income tax accruing to Lord as a result of the receipt of said stock. The $10,000 of stock was reported by Lord in his income-tax return for 1919, and he was assessed thereon and paid in March, 1920, a tax of $1,008.10. This amount was repaid to Lord by the taxpayer during 1920. The $10,000 paid to Lord in stock was allowed by the Commissioner as a deduction. The taxpayer's books were kept on an accrual basis.

The Commissioner determined net income for 1919 of $42,351.25, and income and profits taxes of $15,141.55. A revenue agent, after a field examination, fixed the average capital at $4,873.69; the Commissioner found it to be $6,498.69.

The taxpayer was engaged in selling oil-well drilling tools, machinery, and supplies. It was organized by C. W. Lord, who was its president from the date of organization until the early part of 1922. Prior to the incorporation of the taxpayer, Lord had been employed by the Lucey Manufacturing Corporation as district manager in charge of sales in Oklahoma and Kansas.

The Lucey Manufacturing Corporation manufactured oil-well drilling machinery and tools. It had been doing business in those States through jobbers. In 1919 its relations with the jobbers were

104881—27——16

severed. It had no sales organization of its own and did not wish to go into the retail trade. The taxpayer was thereupon formed by Lord to distribute the Lucey products in the States named. The trade had already been established, having been built up by the Lucey Manufacturing Corporation.

The taxpayer made the sales on its own account, billing the customer itself. Some of the goods it received on consignment, and the balance it bought on long-term credits. The terms were 90 days, on trade acceptance, without interest, and with 2 per cent discount if paid before the 20th of the month following the purchase by the taxpayer. In many cases the trade acceptances were renewed. The Lucey Manufacturing Corporation gave the taxpayer its lowest prices. It also permitted the taxpayer to purchase under its contracts with other manufacturers other kinds of goods to be sold in the oil-well district.

The return of the taxpayer covers a period of operation of about five and a half months.

### DECISION.

The deficiency should be computed in accordance with the foregoing findings of fact and the following opinion. Final determination will be made on 20 days' notice, under Rule 50.

### OPINION.

STERNHAGEN: The deduction in 1919 of $1,008.10, paid by the taxpayer in 1920 to Lord in reimbursement of his income tax for 1919, was properly disallowed by the Commissioner. The liability of the corporation was in effect one of indemnity, and clearly it could not precede the liability of Lord for the tax. This, in accordance with our decision in the *Appeal of L. S. Ayers & Co.*, 1 B. T. A. 1135, accrued in 1920 as to Lord, and we are of opinion that it did not accrue prior thereto as to the corporation. Even though it were not a contract of indemnity, the liability did not accrue until the succeeding taxable year. *Appeal of Norwich & Worcester R. R. Co.*, 2 B. T. A. 215; *Appeal of American Telegraph & Cable Co.*, 2 B. T. A. 991.

The circumstances existing during the taxable year disclose, in our opinion, such an abnormal condition as to bring the taxpayer within the terms of section 327 of the Revenue Act of 1918. The Commissioner should apply the provisions of section 328 of said Act and his computation thereunder shall be deemed final, since the taxpayer introduced no evidence with respect to comparatives. *Appeal of H. T. Cushman Manufacturing Co.*, 2 B. T. A. 39.